UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| MICHELLE LOGLISCI DONNELL, individually and as Executrix of the Estate of GREGORY JAMES DONNELL, deceased, | : : : : : : |
| Plaintiff, | : Civil Action No. 09-3485 (JAP) : |
| v. | : **OPINION** : |
| CORRECTIONAL HEALTH SERVICES, INC., COUNTY OF OCEAN, OCEAN COUNTY DEPARTMENT OF CORRECTIONS, THEODORE HUTLER, individually and as Warden for Ocean County Department of Corrections, NOUREDINNE HENDERSON, ROBERT BURNS, JESSICA CLAYTON, MICHAEL HARTMAN, WILLIAM BOETTGER, ERIC ZENTZIS, ROBERT C. STUERZE, MARTIN S. PASKO, V. HUGHES, (correctional officers) DONATO J. SANTANAGELO, MARIAL ALICEA, KATHY PETROWSKY, DEBBIE FILARSKI, CARMEN THOMAS, MICHELLE GAITO, (medical staff) & JANE DOES 1-10 (said names representing fictitious individual Ocean County Correctional Facility), JOHN & JANE DOES 11-20 (said names representing fictitious individual physicians and healthcare providers at the Ocean County Correctional Facility whose true names are unknown at this time), ABC BUSINESS 1-5 (said names representing a fictitious corporation, partnership, association or sole proprietor, true names unknown at this time), | : : : : : : : : : : : : : : : : : : : : : : : : : |
| Defendants. | : : |

1

PISANO, District Judge.

Plaintiff Michelle Donnell, as executrix of the estate of Gregory James Donnell, has brought this action against Correctional Health Services, Inc., County of Ocean, Ocean County Department of Corrections, and the warden, correctional officers and medical staff at the Ocean County Correctional Facility ("Defendants") for constitutional violations relating to Gregory Donnell's death. Plaintiff alleges violations under 42 U.S.C. § 1983, 42 U.S.C. § 1985, the New Jersey Constitution, and New Jersey's Survivor's Act in addition to causes of action for wrongful death and negligence. This Court has original jurisdiction to hear this dispute pursuant to 28 U.S.C. § 1331.

Presently before the Court is a motion for summary judgment filed by the Defendants. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, the Court grants the Defendants motion for summary judgment.

I. **Background**

On October 10, 2007, Gregory James Donnell was brought to Ocean County Correctional Facility and placed in the custody of the Ocean County Department of Corrections. Pl.'s Compl., ¶ 18. On October 11, 2007, Donnell was screened by Dr. Donato J. Stangelo. *Id*. ¶ 21. Afterwards, Donnell was housed in the General Population South "C" dormitory cell. *Id*. ¶ 22. On October 12, 2007, Donnell hanged himself with a pair of socks tied to the bars in the window of his cell. *Id*. ¶ 26.

On November 19, 2007, Brian Drazin, Esq., submitted a notice of claim with the Ocean County Department of Corrections in connection with Donnell's death. Supplemental Stmt. of Pl's Mat. Facts, ¶ 11.  On December 4, 2007, Mr. Drazin was advised that Ocean County had

2

adopted a specialized notice of tort claim form and was provided with a copy to complete.  Pl.'s Stmt. of Disputed Mat. Facts, ¶ 9; Def.'s Stmt. of Uncontested Facts, ¶ 9.  On January 10, 2008 and March 11, 2008, Ocean County advised Mr. Drazin that a completed specialized notice of claim form was required to proceed and that the original claim was denied for failing to comply with the Tort Claims Act.  Pl.'s Stmt. of Disputed Mat. Facts, ¶ 10; Def.'s Stmt. of Uncontested Facts, ¶ 10.  On July 13, 2009, Plaintiff filed a Complaint claiming violations of Donnell's constitutional rights relating to his detention and subsequent death.  *See generally* Pl.'s Compl.  Specifically, Plaintiff alleges violations of 42 U.S.C. § 1983 for deprivation of rights, failure to detain in a proper cell, and failure to train.  *Id*. ¶ 36-51.  Additionally, Plaintiff alleges conspiracy under 42 U.S.C. § 1985, violations of the New Jersey Constitution, the wrongful death statute, and New Jersey's Survivor's Act and a claim for negligence.  *Id*. ¶ 51-75.

II.  **Discussion**

A.  **Summary Judgment Standard**

To prevail on a motion for summary judgment, the moving party must establish "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The district court must determine whether disputed issues of material fact exist, but the court cannot resolve factual disputes in a motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

In determining whether a genuine issue of material fact exists, the court must view the facts in the light most favorable to the non-moving party and extend all reasonable inferences to that party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Stephens v. Kerrigan*, 122 F.3d 171, 176-77 (3d Cir. 1997).  The moving party always bears the initial burden of demonstrating the absence of a genuine issue of material fact, regardless of

which party ultimately would have the burden of persuasion at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its opening burden, the non-moving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. *Id*. at 324. Thus, the non-moving party may not rest upon the mere allegations or denials of its pleadings. *Id*. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

Once the moving-party has demonstrated to the court the absence of a material fact at issue, the Supreme Court has stated that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . ." *Matsushita*, 475 U.S. at 586-87 (citations omitted). In other words, "[i]f the evidence [submitted by the non-moving party] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The Supreme Court has specifically recognized that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupportable claims or defenses, and [] that [the rule] should be interpreted in a way that allows it to accomplish this purpose." *Celotex*, 477 U.S. at 323-24. Thus, "[w]hen the record is such that it would not support a rational finding that an essential element of the non-moving party's claim or defense exists, summary judgment must be entered for the moving party." *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 341 (3d Cir. 1990).

B. **Legal Analysis**

a. **Count I, II & III: Section 1983 Claims & The Eighth Amendment**

Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). With regard to the first element, section 1983 alone is not a source for substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (citing *Baker v. McCollan*, 443 U.S. 137, 144, n.3, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)). Hence, a plaintiff is required to establish with specificity the violated right such that plaintiff's interest will not be "'to vague and amorphous' to be 'beyond the competence of the judiciary to enforce.'" *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 106, 110 S. Ct. 444, 107 L. Ed. 2d 420 (1989) (citing *Wright v. Roanoke Redevelopment and Housing Authority*, 479 U.S. 418, 431-32 (1987)). Additionally, section 1983 does not provide a remedy for violations arising out of state tort law. *Baker*, 443 U.S. at 146.

While in this case there is no dispute as to whether the Defendants acted under the color of state law, Defendants argue that Plaintiff has failed to establish a violation of a right secured by the Constitution. In response, Plaintiff in her brief alleges that Defendants violated the Eighth Amendment of the Constitution in their failure to obtain medical care for Donnell. The Eighth

5

Amendment, made applicable to the individual states through the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishment on confined criminals. *Rhodes v. Chapman*, 452 U.S. 337, 345, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981).  This prohibition mandates that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  To establish a claim for an Eighth Amendment violation of the right to adequate medical care or for failure to protect, a plaintiff must show (1) sufficiently serious medical deprivation or exposure to a substantial risk of harm and (2) action by prison officials that constitutes deliberate indifference to the prisoner's needs. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *Estelle,* 429 U.S. at 106.

In terms of prisoner suicide, the Third Circuit has recognized that, under some circumstances, a prisoner's suicide can give rise to liability under section 1983. *Freedman v. City of Allentown*, 853 F.2d 1111, 1115 (3d Cir. 1988).  The Third Circuit has adopted a similar three part test that a plaintiff must satisfy to prove a constitutional deprivation in a prison suicide case: "(1) the detainee had a particular vulnerability to suicide, (2) the custodial officer or officers knew or should have known of that vulnerability, and (3) those officers acted with reckless indifference to the detainee's particular vulnerability." *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1023 (3d Cir. 1991).  Reckless and deliberate indifference means that an official acted or failed to act despite knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 836; *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 456 (3d Cir. 1996).

In this case, Plaintiff has failed to state a section 1983 claim under the Eighth or Fourteenth Amendment.  First, Plaintiff has not shown that Donnell had a particular vulnerability to suicide.  No evidence has been offered that Donnell suffered from a long-standing mental

illness or attempted prior suicides.  Plaintiff's only support for Donnell's vulnerability is her own facts alleged in the Complaint that Donnell "was depressed and would not make contact with his family."  Pl.'s Compl., ¶ 23.  Unfortunately, Plaintiff has failed to carry the burden of providing through affidavits or other documents specific facts to show a genuine issue for trial. Additionally, Plaintiff has not shown that the Defendants knew or should have known about Donnell's alleged vulnerability.  Plaintiff alleges that Donnell's depression was "made known to [Defendants] by other inmates"; however, these statements are not validated by any supporting documents of how Defendants knew or should have known about the risk of suicide.  Finally, Plaintiff has not shown that the Defendants acted with deliberate or reckless indifference in that they were aware of facts from which an inference could be drawn that there was substantial risk of harm to Donnell and after drawing such an inference failed to act.  Whether Defendants are accused of failure to provide medical care or failure to protect from suicide, Plaintiff has not provided support that Defendants placed Donnell in substantial harm or deprived him of medical attention.  Therefore, without an Eighth Amendment deprivation, summary judgment must be granted in favor of Defendants as to Plaintiff's § 1983 claims.

    b. **Count IV: Conspiracy under Section 1985**

Section 1985 permits a private right of action for conspiracies which deprive an individual of their civil rights.  *See* 42 U.S.C. § 1985.  Specifically, a claim under section § 1985(3) addresses conspiracies of two or more persons for the purpose of depriving another of equal protection of the law or equal privileges and immunities under the law.  42 U.S.C. § 1985(3).  In order to make a valid § 1985 claim, plaintiff must show that defendants "(1) conspire[d] . . . (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the

7

law." *Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S. Ct. 1790, 29 L Ed. 2d 338 (1971) (quoting 42 U.S.C. § 1985(3)). Plaintiff must assert that one or more of the conspirators caused an act in furtherance of the conspiracy injuring a person or property or depriving an individual of having and exercising any right or privilege of a citizen of the United States. *Id.* A claim under § 1985(3) requires proof that a conspirator's action was motivated by a race-based or class-based, invidious discriminatory animus. *Fioriglio v. City of Atlantic City*, 996 F. Supp. 379, 385 n.3 (D.N.J. 1998).

 Here, Plaintiff has failed as an initial matter to provide evidence beyond mere allegations in her Complaint that a conspiracy actually existed. Plaintiff asserts in Count IV of her Complaint that "Defendants conspired to punish Plaintiff's decedent by specifically depriving him of essential medication and/or medical care and depriving him of equal protection under the law in violation of the rights secured to him by the Constitution . . . ." Pl.'s Compl., ¶ 53. Such a claim of conspiracy, however, remains unsubstantiated in this summary judgment motion. According to Federal Rule of Civil Procedure 56(e)(2), a party opposing a summary judgment motion "may not rely merely on allegations or denials in its own pleadings; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific acts showing genuine issue for trial." Beyond her own allegations, Plaintiff has not shown any facts that would indicate that the Defendants reached a mutual agreement to act in such a way as to deprive Donnell of a constitutional right. Further, Plaintiff has not satisfied the requirements for a cause of action of conspiracy under § 1985 by failing to show that the Defendants acted with some invidious discriminatory animus. Without a valid § 1985 claim for conspiracy, Defendants are entitled to summary judgment as to Count IV.

### c. **Counts VI, VII, VIII, IX: Tort Claims Act**

New Jersey's Tort Claims Act (NJTCA) mandates that "no action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedures set for in this chapter." N.J. Stat. Ann. § 59:8-3. The purpose of NJTCA is to modify the doctrine of sovereign immunity and restrict government liability in tort by "providing compensation to tort victims without unduly interfering with governmental functions and without imposing an excessive burden on taxpayers." *Greenway Development Co., Inc. v. Borough of Paramus*, 163 N.J. 546, 552 (2000) (citing N.J. Stat. Ann. § 59:2-1 cmt.); *see also Feinberg v. N.J. Dep't of Envtl. Prot.*, 137 N.J. 126, 133 (1994).

NJTCA requires that prior to filing a complaint for a cause of action for death a plaintiff must submit a notice of claim to the public entity within ninety days of the claim's accrual. N.J. Stat. Ann. § 59:8-8(a). Such notice must include among other things "the date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted" and "the name or names of the public entity, employee or employees causing the injury, damage or loss, if known." N.J. Stat. Ann. § 59:8-4(c)&(e). The NJTCA also permits any county to adopt notice forms specifying information to be contained in claims filed against it or its employees.[1] N.J. Stat. Ann. § 59:8-6. Six months after the claim is received the claimant is required to file suit in the appropriate court or forever be barred from recovery against the public entity or public employee if claimant has failed to file his claim within ninety days of accrual of his claim. N.J.

---

[1] According to NJTCA, a county could require the individual to provide additional information such as written reports of a claimant's physician setting forth the extent and degree of injury, list of claimant's expert witnesses and any of their reports related to the claims, and all appropriate records relating to the claim for liability and damages including income tax returns, hospital records and medical records. N.J. Stat. Ann. § 59:8-6.

Stat. Ann. § 58:8-8. New Jersey courts have recognized that the main purposes of the notice requirements are

> (1) to allow the public entity at least six month for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit; (2) to provide the public entity with prompt notification of a claim in order to adequately investigate the facts and prepare a defense; (3) to afford the public entity a chance to correct the conditions or practices which gave rise to the claim; and (4) to inform the State in advance as to the indebtedness or liability that it may be expected to meet.

*Velez v. City of Jersey City*, 180 N.J. 284, 290 (2004); *Beauchamp v. Amedio*, 164 N.J. 111, 121 (2000).

In this case, the Plaintiff's tort claims should be dismissed as failing to comply with the Tort Claims Act. As an initial matter, Plaintiff's notice of claim failed to state any information concerning the alleged circumstances or occurrences that gave rise to her asserted claim. Pl.'s Br., Ex. 2. The only information provided by Plaintiff is that the injury was death; no other information relating to the type of claim that could stem from this injury was given. *Id*. Further, after receiving the Plaintiff's notice of claim, Plaintiff's attorney was sent a letter from the County advising him that the submission was not adequate because the notice was not on the official notice of claim form required by Ocean County. Pl.'s Br., at 18-19; Def.'s Br., Ex. C. This letter from Ocean County expressly informed Plaintiff that failure to re-submit a proper notice of claim could be a fatal defect to her claim. Def.'s Br., Ex. C. Subsequently, Plaintiff's then-counsel was sent two additional letters concerning his client's failure to submit a proper notice of claim on the County's specified form. Def.'s Br., Ex. D. Plaintiff admits that her prior attorney did receive the notices from the County, but that they were never forwarded to her current counsel. Pl.'s Br., at 18-19. Plaintiff then argues that in pre-litigation discovery proceedings the County had an opportunity and obligation to notify her current counsel and

failed to do so.  Pl.'s Br., at 18-19.  The County however took reasonable and sufficient steps to notify the Plaintiff and her then-counsel of the failure to provide proper notice.  Plaintiff has failed to show any reason for her failure to complete the acceptable Ocean County tort claim notice and has not provided any reason for failing to file a motion for leave to file a late notice of claim.

In light of failing to submit the proper form, Plaintiff argues the doctrines of substantial compliance and equitable estoppel to justify waiving the notice requirement.  Courts have utilized the doctrine of equitable estoppel to waive failures under the NJTCA in cases where "the interest of justice, morality, and common fairness dictate that course." *Marley v. Borough of Palmyra*, 193 N.J. Super. 271, 299-300 (Law Div. 1983).  Equitable estoppel is "conduct, express or implied, which reasonably misleads another to his prejudice so that repudiation of such would be unjust in the eyes of the law." *Hill v. Middletown Bd. of Ed.,* 183 N.J. Super. 36, 41 (App. Div. 1982).  While the cases cited by Plaintiff demonstrate factual scenarios where equitable estoppel would be appropriate, the doctrine is not applicable here as the County notified the Plaintiff repeatedly of her failure to file the notice and Plaintiff has not justified any reason for her failure to submit a notice.  There is no evidence in this case that fairness or justice would demand waiving the requirement due to equitable estoppel.  Additionally, the doctrine of substantial compliance is also not applicable.  Substantial compliance permits the waiver of the NJTCA "for the purpose of alleviating the hardship of unjust consequences which attend technical defeats of otherwise valid claims." *Anske v. Palisades Park*, 139 N.J. Super. 342, 348 (App. Div. 1976).  Here, Plaintiff has failed to substantially comply with the NJTCA by failing altogether to submit the proper Ocean County form.  Plaintiff's improper submission on its face was even inadequate under the NJTCA by failing to notify the public entities and employees

involved along with the circumstances relating to the claim.  This failure to provide the proper form and failure to provide the required information in the improper form does not rise to the level of simply a technical deficiency where substantial compliance would allow a waiver.  As such, Plaintiff's argument that she substantially complied with the statute must fail.

Since Plaintiff failed to comply with NJTCA within the proper time period and neither the doctrine of equitable estoppel or substantial compliance is applicable, summary judgment is granted to Defendants as to all tort claims.

### III.   Conclusion

For the reasons set forth above, the Defendants' motion for summary judgment is granted and this case is closed.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Date: December 15, 2009